IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **SOUTH CENTRAL STEEL, INC.,** ) | |
| ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action Number |
| **vs.** ) | **2:05-cv-569-UWC** |
| ) | |
| **MCKNIGHT CONSTRUCTION CO.,** ) | |
| **and TRAVELERS CASUALTY &** ) | |
| **INSURANCE COMPANY OF** ) | |
| **AMERICA,** ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION ON COURT'S JURISDICTION**

Presently before the Court are the Motions to Dismiss or Transfer the Case of Defendants McKnight Construction Company and Travelers Casualty & Surety Company of America ("Travelers").  For the reasons that follow, this Court does not have personal jurisdiction over McKnight Construction, and venue does not properly lie in this Court as to Travelers.  Accordingly, McKnight Construction's Motion to Dismiss and Travelers' Motion to Transfer is due to be **GRANTED**.

**FACTUAL BACKGROUND**

Plaintiff South Central Steel Company ("South Central Steel") brought this action for breach of contract against Defendant McKnight Construction Company

1

("McKnight").  South Central Steel is an Alabama corporation, whereas McKnight Construction is incorporated under the laws of Georgia.  McKnight Construction is not registered to do business in Alabama, nor does it have any offices in Alabama.  Foreign Defendant Travelers Casualty & Accident Insurance Company is McKnight Construction's surety company.  Travelers is registered to do business in Alabama, and is a subsidiary of St. Paul Travelers Companies, which is incorporated in Minnesota.

On or about February 7, 2005, William McKnight, President of McKnight Construction, faxed a signed and completed purchase order to South Central Steel.  The purchase order was for the sale of raw steel, in connection with McKnight's construction of a library in Statesboro, Georgia.  Upon receipt of the purchase order,  Rick Rogers, President of South Central Steel, signed and returned  by facsimile a copy of the executed purchase order  to McKnight Construction.  The purchase order contained language stating that "[b]y accepting this order seller agrees to be bound thereby."  (Pl.'s Ex. A.)

On February 15, 2005, South Central Steel mailed an invoice to McKnight Construction for the purchase.  By the time of the invoice, South Central Steel had shipped the first batch of steel directly to Georgia.  Shortly thereafter, Houston Steel, McKnight's subcontractor, picked up a second batch of steel from South Central Steel in Alabama.  No one on behalf of Mcknight Construction ever traveled to Alabama for reasons related to the purchase order contract.

On or about February 18, 2005, William McKnight received notice from his

project architect that he would not release further funding of the project due to a subcontractor's failure to obtain certification from the American Institute of Steel Construction, Inc.("AISC").   By letter dated February 21, 2005, McKnight Construction informed South Central Steel that it planned to purchase material elsewhere, based upon its subcontractor's failure to obtain AISC certification.   By letter dated February 28, 2005,  South Central Steel informed McKnight Construction that South Central Steel expected payment of its invoices.  Finally, McKnight Construction responded by letter that same day, advising South Central Steel that they did not have a contractual relationship.

South Central Steel subsequently commenced this action for breach of contract.

## APPLICABLE LAW

The Eleventh Circuit applies a two-step test in determining whether a district court may exercise personal jurisdiction over a non-resident defendant.   First, the court must determine whether the forum state's long-arm statute provides a basis for personal jurisdiction.  *Lockard v. Equifax, Inc.*, 163 F.3d 1259, 1265 (11th Cir.  1998).   Second, the court must determine whether the defendant maintains sufficient contacts with the forum state such that exercise of personal jurisdiction over it is consistent with notions of fair play and substantial justice under the Fourteenth Amendment's  Due Process Clause. *Int'l Shoe Co. v. Wash.*, 326 U.S. 310 (1945).

Sufficient minimum contacts are those which give the defendant "fair warning"

that a particular activity may subject him to the personal jurisdiction of the forum state. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985). Sufficient minimum contacts may be satisfied where there is either general or specific jurisdiction over a defendant.

General jurisdiction is met where a defendant's contacts with the forum state are "continuous and systematic." *Consolidated Dev. Corp. v. Sherritt, Inc.*, 216 F.3d 1286, 1292 (11th Cir. 2000).

In order for "specific jurisdiction" to satisfy the minimum contacts consistent with due process, the Eleventh Circuit has stated that three criteria must be satisfied. First, the contacts must be related to the cause of action or give rise to it. *McGow v. McCurry*, 412 F.3d 1207, (11th Cir. 2005) (citing *FrancoSteel Corp. v. M/V Charm*, 19 F.3d 624, 627 (11th Cir. 1994). Second, the contacts must involve some act of the defendant by which he purposefully avails himself of the benefits of conducting activities of the forum. *Id*. Third, the defendant's activities must be such that he could reasonably anticipate being haled into court in the forum state. *Id*.

Alabama's long-arm statute authorizes Alabama courts to exercise personal jurisdiction to the fullest extent possible under the Due Process Clause. Ala. R. Civ. P. 4.2 (a).

In diversity actions, under 28 U.S.C. § 1391, venue is proper in one of the following three forums: (1) a judicial district where any defendant resides, if all

defendants reside in the same state; (2) a judicial district in which a substantial part of the events giving rise to the claim occurred, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.  28 U.S.C. § 1391.

## ANALYSIS

### I.   Personal Jurisdiction as to McKnight Construction

Because Alabama's long-arm statute authorizes personal jurisdiction to the fullest extent possible, the following analysis will examine only the constitutional question, that is, whether this Court's exercise of personal jurisdiction over Defendant McKnight Construction comports with notions of fair play and substantial justice under the Due Process Clause of the Fourteenth Amendment.  *Morris v. SSE Inc.*, 843 F.2d 489, 492 n.3 (11th Cir. 1988).

This Court clearly does not have general personal jurisdiction over McKnight Construction, as the company's activities in Alabama were not systematic and continuous. McKnight Construction has no offices in the state of Alabama, nor is it registered to conduct business in Alabama.  Thus the following discusses whether there is specific personal jurisdiction as to McKnight Construction.

First, this action for breach of contract arises out of the purchase order contract purportedly executed between McKnight Construction and South Central Steel.  The record shows that the parties signed the purchase order contract on or about February 7,

2005. (Pl.'s Ex. A.) Accordingly, the first prong required for specific jurisdiction is met.

Next, the record lacks evidence to show that McKnight Construction purposefully availed itself of the benefits of Alabama, as the purchase order contract's terms and conditions provide that the contract is to be governed by *Georgia* law. (Def.'s Ex. C at p.3.) Aside from submitting a purchase order to South Central Steel, and engaging in telephone conversations and facsimile transmissions related to the purchase order, McKnight Construction did not direct any of its activities to Alabama or otherwise avail itself of the benefits of Alabama law. Thus it follows that McKnight has not purposefully availed itself of this forum, and could not have reasonably foreseen being haled into this Court. Accordingly, this Court lacks personal jurisdiction over Defendant McKnight Construction Company.

    **I.**    **Venue as to Travelers Casualty & Surety Company**

Travelers does not dispute the issue of personal jurisdiction; it only argues that venue is proper in the United States District Court for the Southern District of Georgia.

First, venue does not lie in this Court under 28 U.S.C. § 1391 (a) (1), because all defendants are not residents of the same state.

Second, venue is also improper in this Court under 28 U.S.C. § 1391 (a) (2) because the substantial event giving rise to this action–namely McKnight's alleged repudiation of the contract– occurred in Georgia, not Alabama. The record shows that it was by letter that McKnight advised South Central Steel that no contractual relationship

existed between the two companies.  There is nothing in the record  indicating that a representative from  McKnight Construction traveled to Alabama and repudiated the contract in person.

Third, venue is likewise improper under 28 U.S.C. § 1391 (a) (3), because there is another district other than this Court in which this action may be brought where personal jurisdiction over all defendants is proper– the United States District Court for the Southern District of Georgia.  Venue would properly lie in the Southern District of Georgia, as that court would have personal jurisdiction over McKnight Construction, because it is a Georgia corporation.  Venue would also be proper as to Travelers, because it has at least consented to personal jurisdiction in the Southern District of Georgia based upon its motion to transfer venue there.

## CONCLUSION

By separate order, Defendant McKnight Construction Company's Motion to Dismiss will be GRANTED;  and Defendant Travelers Casualty & Insurance Company of America's Motion to Transfer Venue to the United States District Court for the Southern District of Georgia will be GRANTED.

Done this 29th day of July, 2005.

_____
U.W. Clemon
Chief United States District Judge